HARRISON HAYFORD *vs.* INHABITANTS OF BELFAST.

Waldo. Opinion March 15, 1888.

*Paupers. Support in Insane Hospital.*

A person who contracts with a city for the support of its paupers for a specified sum, is not liable for money paid by the city in support of persons in the Insane Hospital, in the absence of evidence that such persons are paupers whose settlement is in such city.

ON report.

Assumpsit, on account annexed, to recover $645.14, the same being the balance due from the city to the plaintiff, as he claimed, under two contracts for supporting and maintaining the paupers of

*o*

the city for three years, ending May 10, 1884, and for the year ending May 10, 1885.

The facts are sufficiently stated in the opinion.

*Wm. H. Fogler*, for the plaintiff, cited : R. S., c. 143, § § 13, 14, 21 ; *Naples* v. *Raymond*, 72 Maine, 213 ; *Eastport* v. *Machias*, 35 Maine, 402 ; *Jay* v. *Carthage*, 48 Maine, 353 ; *Pittsfield* v. *Detroit*, 53 Maine, 442 ; *Jay* v. *Carthage*, 53 Maine, 128 ; *Glenburn* v. *Naples*, 69 Maine, 68 ; *Corinna* v. *Exeter*, 13 Maine, 321 ; *Veazie* v. *Chester*, 53 Maine, 29 ; *Oakham* v. *Sutton*, 13 Met. 197.

*Joseph Williamson*, for defendants.

It is a primary and fundamental rule concerning contracts, that their construction must be according to the intention of the parties, and so paramount is this rule, that to such intention, even technical rules must give way.    Hare on Contracts, 594.

A contract is to be construed in the light of surrounding circumstances, and in view of the subject matter of the agreement, the acts of the parties, and their relation to each other.    *Farnsworth* v. *Boardman*, 131 Mass, 115.

If it is assented that the second clause of section 3, of the contract is repugnant to the construction claimed, then effect must be given to that part which is calculated to carry into effect the real intention ; and that part which would defeat it must be rejected.    Chitty on Contract, 90.

Should the plaintiff contend that the contract is ambiguous, the answer is that where a document admits of more than one construction, but where parties have long acted on the footing of a given practical construction, the court, in the absence of better evidence, will accept that construction as correct.    *Forbes* v. *Watt*, 2 Eng. R. (Moak) 512 ; *Philadelphia et als. R. R.* v. *Trimble*, 10 Wall. 367.

The principles which govern in cases of this nature, as reduced to rules by Sergeant Williams, in note to *Pordage* v. *Cole*, 1 Saund. 319, with some modifications, are still recognized as correct.    In that case, the entire consideration for lands was to be paid by a fixed day which might precede the service.    It

was held that the covenant to convey was an independent one, and that an action for the money would lie before any conveyance of the land took place. Lord HOLT, further said : "What is the reason that mutual promises shall bar an action without performance? . . . If it appear by the agreement that the plain intent of either party was to have the thing to be done to him performed, before his doing what he undertakes of his side, it must be averred." *McMillan* v. *Vanderlip*, 12 Johns. 165.

"After all," remarks JARVIS, C. J., "the rule in *Pordage* v. *Cole*, only proposes to give the result of the intention of the parties, and where on the whole it is apparent that that which is to be done first is not to depend on the performance of the thing done afterwards, the parties are relying on their remedy and not on the performance or the condition, but when you plainly see that it is their intention to rely upon the condition, and not on their remedy, the performance of the thing is a condition precedent." *Roberts* v. *Brett*, 18 C. B. 561.

When the inquiry is in relation to their dependence or independence, this is to be collected from the evident sense and meaning of the parties ; and however they may be transferred in the instrument, their precedency must depend on the order of time in which the intent of the transaction requires their performance. Hare on Cont. 594.

The question whether covenants are dependent or independent depends upon the intention of the parties, and the nature of the acts to be performed. *Howland* v. *Leach*, 11 Pick. 151; *Knight* v. *Worsted Co.* 2 Cush. 271.

The nature of the transaction and the order of time in which they are to be performed, are to be considered in determining what conditions are dependent and what are independent. *Hopkins* v. *Young*, 11 Mass. 302.

Suppose the plaintiff had allowed another town to obtain judgment against the defendants, for supplies furnished a pauper during the time covered by the contract which judgment the defendants have been obliged to satisfy, would it be contended for a moment that the amount should not be deducted from the next quarterly payment? Is not the present case parallel? Has

not the equitable rule laid down in *Hyde* v. *Booraem*, 16 Pet. 169, been fully regarded by the defendants, as follows : "If one party has performed in part, he may require the other to pay to the extent of the benefit received deducting damages suffered from the failure to perform fully.

Where the plaintiff for the consideration hereinafter mentioned, covenanted to deliver defendant deed of land on May 1, 1806, and defendant to pay one thousand · dollars on that day and a further sum four years after, it was held that the covenants were dependent, and that the plaintiff must deliver his deed before an action would lie for the thousand dollars. *Green* v. *Reynolds*, 2 John. 207. To the same effect are, *Jones* v. *Gardner*, 10 John. 266 ; *Cunningham* v. *Morrell*, *Id.* 203 ; *Porter* v. *Rose*, 12 John. 209 ; *Gazley* v. *Price*, 16 John. 267.

The principle of all the cases on this head seems to be that where the plaintiff is to do an act to entitle himself to the action, he must either show the act done, or if it is not done, at least that he has performed everything that it was in his power to do. *Peeters* v. *Opie*, 2 Saund. 350, n. (3)·

Where a day is appointed for the payment of money, &c. and the day is to happen after the thing which is the consideration to be performed, no action for the money can be sustained without averring performance. *Grant* v. *Johnson*, 5 N. Y. 247, Ct. App.

At the first glance, some of the facts appear similar to those in *Allard* v. *Belfast*, 40 Maine, 369, where upon the rule in *Pordage* v. *Cole*, *ubi supra*, the mutual stipulations in the contract were held independent. But it will be noticed that there was no provision in that contract, as in that in the case at bar, making the quarterly payments depend upon performance on the part of the plaintiff.

WALTON, J. The plaintiff contracted with the city of Belfast, to support its paupers three years for nine thousands dollars. Of this sum he has received only $8,362.63. And this action is to recover the balance. His right to recover depends upon whether, by the terms of his contract, he was liable for the support of Lewis R. Dodge, George A. Sleeper and Edward H. Hilton, in the Insane Hospital.

To make the plaintiff liable for their support, we think it should be made to appear that these persons were paupers, and that they were legally committed to the Insane Hospital as paupers. Fairly interpreted, we think the plaintiff's contract makes him liable for the support of paupers only. The vote of the city council was to authorize the mayor to contract with the plaintiff for the support of the city paupers only, and it is difficult to believe that he or the plaintiff had in view any other class of persons.

This brings us to the question, whether the three persons named were paupers, and whether they were legally committed to the Hospital as such. A careful examination of the evidence fails to satisfy us of either of these facts. The evidence fails to show when, or by what authority, or under what circumstances, the persons named were sent to the Hospital, or that they were ever adjudged to be paupers.

Under these circumstances, we think the city was not justified in withholding from the plaintiff any portion of his compensation.

*Judgment for plaintiff for $637.37,*
*and interest from the date of his writ.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.